UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE MAGNO,<br><br>             Plaintiff,<br><br>    v.<br><br>Commissioner of Social Security,<br><br>             Defendant. | CASE NO. 1:22-cv-01123-GSA<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. 406(b)<br><br>(Doc. 18) |

Plaintiff's counsel Young Yim, Law Offices of Charles E. Binder and Harry J. Binder, LLP, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b).

**I.    Background**

Plaintiff entered into a contingent fee agreement with counsel which provides for attorney fees of 25% of the past due benefits awarded. Doc. 18-5. The agreement also provides that counsel would seek fees pursuant to the Equal Access to Justice Act (EAJA), fees which would be refunded in the event of an award of past due benefits and payment of the 25% contingency fee. *Id.*

Plaintiff previously initiated two complaints in this Court appealing the Commissioner's decision denying her application for benefits. Following the first appeal, Plaintiff filed her opening brief, the parties stipulated to remand to the agency for further proceedings, and counsel was awarded EAJA fees in an amount of $8,210.[1] After Plaintiff was denied benefits a second time on remand, Plaintiff initiated a second appeal, the matter was remanded again to the agency pursuant to stipulation and counsel was awarded additional EAJA fees of $8,364.22. *See* Docs. 13–17.

On remand the agency determined that Plaintiff was disabled and entitled to past due benefits as of June 2015. Doc. 18-4. Counsel now seeks $56,721.50 which the agency withheld for payment to

---

[1] *See* 19-cv-01134, Docs. 14–19.

1

counsel, an amount which the parties agree equals 25% of the past due benefits awarded (though the total amount of that award is not directly stated in the exhibits counsel attached).

## II.   Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, et seq] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *Vazquez v. Com'r of Soc. Sec.*, No. 1:17-CV-1646-JLT, 2020 WL 2793059, at *2 (E.D. Cal. May 29, 2020).

## III.   Analysis

Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely a stipulation to remand, entry of judgment, and ultimately a substantial award of past due benefits. There is no indication that counsel engaged in dilatory conduct, excessive delay, or substandard performance. Counsel's itemized bill reflects 81.7 hours of time largely spent on tasks such as reviewing the

administrative transcript and drafting opening briefs for the two federal appeals, which is a reasonable time expenditure for the performance of those tasks. Doc. 18-5 at 8, 9. The effective hourly rate amounts to $694.27 per hour. Although this is a substantial hourly rate, the fee award would not amount to a windfall. Unlike fee motions governed entirely by the lodestar method, in contingency fee matters pursuant to section 406(b) the lodestar is merely a guidepost, and a comparatively high effective hourly rate is generally warranted to compensate counsel for the risk assumed in representing social security claimants. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

The effective hourly rate is commensurate with rates approved by other courts under section 406(b). *See, e.g.*, *Kazanjian v. Astrue*, 2011 WL 2847439, at * 2 (E.D.N.Y. July 15, 2011) awarded $48,064.00 based on 19.75 hours of court work for an effective hourly rate of $2,433); *Williams v. Berryhill*, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (effective hourly rate of $1,553.36); *Coles v. Berryhill*, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) ($1,546.39 per hour).

In addition, the $56,721.50 total amount is also in line with other total contingent fee awards granted under section 406(b) in other cases. *See, e.g.*, *Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) ($24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) ($20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500).

Considering the character of the representation, the result achieved, and the fee amounts awarded in other cases, the request here is reasonable.

Accordingly, it is **ORDERED** as follows:

1. Counsel's motion for attorney fees pursuant to 42 U.S.C. 406(b) (Doc. 17) is granted.
2. The Commissioner shall certify a payment of a gross award in the amount of $56,721.50 to: Law Offices of Charles E. Binder and Harry J. Binder, LLP.
3. Upon receipt of this sum, Counsel shall remit directly to Plaintiff Julie Magno the EAJA fees previously awarded in the amount of $16,574.22

3

IT IS SO ORDERED.

Dated: **July 26, 2024**           **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE